UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| CHRISTIAN KLEIN, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| | 16 CV 6926 (RJS) |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, LOUIS DAMBROSIO, Individually, MANUEL CORDOVA, Individually, JOHN O'LEARY, Individually, CHRISTOPHER ZAFFIRO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

---------------------------------------------------------------------------------X

Plaintiff CHRISTIAN KLEIN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTIAN KLEIN is a twenty-seven year old man residing in Port Chester, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants LOUIS DAMBROSIO, MANUEL CORDOVA, JOHN O'LEARY, CHRISTOPHER ZAFFIRO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 4, 2013, at approximately 8:20 p.m., plaintiff CHRISTIAN KLEIN was lawfully walking on the sidewalk on 8th Avenue, between 115th Street and 116th Street, when he was stopped by defendant NYPD officers LOUIS DAMBROSIO and CHRISTOPHER ZAFFIRO, who at the time held the rank of sergeant.

13. Plaintiff had committed no crimes or offenses prior to being stopped.

14. Defendant CHRISTOPHER ZAFFIRO ordered plaintiff against a wall and searched him approximately four times, despite lacking reasonable suspicion to do so.

15. Notwithstanding the fact that defendant CHRISTOPHER ZAFFIRO found no contraband on plaintiff, the defendant officers continued to detain plaintiff, and defendant JOHN O'LEARY again searched plaintiff.

16. This search also yielded no contraband.

17. The defendant officers nonetheless handcuffed plaintiff and imprisoned him in a police van.

18. The defendant officers transported plaintiff to the 25th Police Precinct and imprisoned him therein.

19. The defendant officers continued to imprison plaintiff until June 5, 2013, on which date plaintiff was arraigned on baseless charges filed under docket number 2013NY068393; said charges having been filed based on the false sworn allegations of defendant LOUIS DAMBROSIO, and based on the false statements of defendants MANUEL CORDOVA and JOHN

O'LEARY.

20. Defendant officers LOUIS DAMBROSIO, MANUEL CORDOVA, and JOHN O'LEARY created and manufactured false evidence, which was conveyed by defendant DAMBROSIO to the New York County District Attorney's office, which used the same against plaintiff in the aforementioned legal proceeding. Specifically, the defendants conveyed false allegations that plaintiff possessed a purported controlled substance. These allegations were completely false and manufactured.

21. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to bolster their arrest numbers while avoiding being disciplined for the above described abuses of authority.

22. As a result of the defendants' false allegations, bail was set on plaintiff's case, resulting in plaintiff's continued confinement until he was able to post bail and was released on or about September 8, 2013.

23. The defendants' false claims also led to plaintiff being imprisoned from October 22, 2013 to November 2, 2013.

24. As a further result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions until October 15, 2014, when all of the false charges filed against plaintiff were adjourned in contemplation of dismissal. All charges have since been dismissed and sealed.

25. Defendant CHRISTOPHER ZAFFIRO supervised defendants LOUIS DAMBROSIO, MANUEL CORDOVA, JOHN O'LEARY, and JOHN and JANE DOE 1 through 10, and directly participated in the violation of plaintiff's civil rights via his personal involvmetn

and his supervision of the other defendants.

26.     Defendants LOUIS DAMBROSIO, MANUEL CORDOVA, JOHN O'LEARY, CHRISTOPHER ZAFFIRO, and JOHN and JANE DOE 1 through 10, were present for or aware of the constitutional violations of plaintiff, and directly participated in said violations, and/or failed to intervene in said violations despite a reasonable opportunity to do so.

27.     Defendants LOUIS DAMBROSIO, MANUEL CORDOVA, JOHN O'LEARY, CHRISTOPHER ZAFFIRO, and JOHN and JANE DOE 1 through 10 owed a duty to plaintiff not to search him without reasonable suspicion, not to arrest him without probable cause, and/or not to stand by while these unlawful acts were committed.

28.     Defendants LOUIS DAMBROSIO, MANUEL CORDOVA, JOHN O'LEARY, CHRISTOPHER ZAFFIRO, and JOHN and JANE DOE 1 through 10 breached their duty and as a result plaintiff's privacy was violated and he suffered a loss of liberty.

29.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests.

30.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests.  *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-

people-meet-arrest-quotas-detective-testifies-article-1.963021.

31. Moreover, in another civil rights action filed in this Circuit involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

32. Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. For example, the CITY OF NEW YORK is aware through the litigation and settlements of multiple cases that defendant DAMBROSIO has been sued on previous occasions for engaging in false narcotics related arrests, including in *Abreu v. City of New York*, 15 CV 1198 (AJN).

34. The CITY OF NEW YORK is also aware through the litigation and settlement of multiple cases that defendant CORDOVA has been sued on previous occasions for engaging in false narcotics related arrests, including in *Siler v. City of New York, et al.*, 15 CV 0189 (ER).

35. The CITY OF NEW YORK is also aware through the litigation and settlement of multiple cases that defendant O'LEARY has been sued on previous occasions for engaging in false narcotics related arrests, including in *Bryan v. City of New York, et al.*, 16 CV 4418 (RMB).

36. Despite notice of the foregoing custom and practices of NYPD narcotics officers

and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff CHRISTIAN KLEIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff CHRISTIAN KLEIN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants arrested plaintiff CHRISTIAN KLEIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44.     Defendants caused plaintiff CHRISTIAN KLEIN to be falsely arrested and unlawfully imprisoned.

45.     As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants created false evidence against plaintiff CHRISTIAN KLEIN.

48.     Defendants utilized this false evidence against plaintiff CHRISTIAN KLEIN in legal proceedings.

49.     As a result of defendants' creation and use of false evidence, plaintiff CHRISTIAN KLEIN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50.     As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants issued criminal process against plaintiff CHRISTIAN KLEIN by causing his arrest and prosecution in New York County Criminal Court.

53. Defendants caused plaintiff CHRISTIAN KLEIN to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

54. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTIAN KLEIN, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiff CHRISTIAN KLEIN' liberty was restricted

for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

59.     As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The supervisory defendant officers personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

62.     As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, narcotics officers falsely arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTIAN KLEIN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTIAN KLEIN.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTIAN KLEIN as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTIAN KLEIN as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHRISTIAN KLEIN was unlawfully arrested and maliciously issued process.

70. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff CHRISTIAN KLEIN' constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff CHRISTIAN KLEIN of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from the failure to intervene;

    D.    To be free from deprivation of his right to fair trial; and

    E.    To be free from malicious abuse of process.

72. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTIAN KLEIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 30, 2017

>                               BRETT H. KLEIN, ESQ., PLLC
>                               Attorneys for the Plaintiff CHRISTIAN KLEIN
>                               305 Broadway, Suite 600
>                               New York, New York 10007
>                               (212) 335-0132
>
>                               By:    s/ Brett Klein
>                                      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHRISTIAN KLEIN,

                                                                   Plaintiff,

     -against-

CITY OF NEW YORK, LOUIS DAMBROSIO,
Individually, MANUEL CORDOVA, Individually,
JOHN O'LEARY, Individually, CHRISTOPHER ZAFFIRO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                                 Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132